Halt,, Judge,
 

 delivered the opinion of the Court:— The act of 1777,
 
 (Ch. 1, sec.
 
 69,) declares, that “all debts and demands of five pounds, and under, shall be cognizable and determinable by any one Justice of the Peace.” The next section gives to cither party, a right to appeal to the next County Court, and directs that the same shall be re-heard and
 
 finally determined
 
 by that Court. The next act on the subject, which it is necessary to no- • tice, is the act of 1786,
 
 Oh.
 
 14. By this act, the jurisdiction of Justices, out of Court, is increased to twenty pounds, aud the right of appeal to the County Court is given to either party, “ which appeal shall he tried and
 
 *185
 
 determined by a Jury of good and lawful men, and the determination thereon shall be
 
 decisive.”
 
 The act of . . ■ . 1794,
 
 Ch,
 
 13* brings into view and consolidates all that is to be found in the preyious acts, relative to the recovery of debts of twenty pounds and under. This act gives to either party, in
 
 general terms,
 
 the right of appeal to the County. Court, and repeals all other acts coming within its purview. The act of 1802,
 
 Clu
 
 6, professes to have been passed for the purpose of amending the act of
 
 1794, Ch.
 
 IS, by increasing the jurisdiction of a Justice to twenty-five pounds. The last act necessary to be noticed, is thatof 1803,
 
 Ch. 1,
 
 by which this jurisdiction is extended to thirty pounds, and the right of appeal reserved to either party.
 

 It is understood, that the Superior Courts have sustained appeals from judgments given by the .'ounty Court, upon appeals from judgments given by Justices out of Court, ever since the act of 1777,
 
 Ch.
 
 2, was passed. Whatever doubts may be entertained of the legality of these decisions, on account of the. restrictive words used in the acts of 1777 and 1786, it is not necessary to attempt to remove, The former of those acts declares that such appeals to the County Court, from, the- judgments of Justices of the Peace, shall be
 
 finally determined
 
 by those courts j the latter act declares that
 
 “ their determination shall he decisive.”
 
 But in the act of 1794, there are no such expressions. In that act, and in those of 1802 and 1803, which were passed for the purpose of increasing the jurisdiction of Justices, an appeal is given to the County Courts, without declaring that their judgment shall be final or decisive. And this omission might have been the result of a conviction in the Legislature, that an appeal to the Superior Court would be proper, because the jurisdiction of Justices had been greatly increased, beyond the limit fixed by the act of 1777,
 
 Ch.
 
 2. The 82d section of this act declares, that when either Plaintiff or Defendant shall be dissatis-
 
 *186
 
 fled with any sentence, judgment or decree of the Comí* ty Court, he may pray an appeal to the Superior Court. This is a very general expression. Now, if the restric-words used in the acts of 1777 and 1786, are considered to be repealed by subsequent acts passed on the •same subject, it seems there can be no obstacle in the way of an appeal to the Superior Court, in the present instance. It is certainly such a judgment as would be embraced by that part of the act of 1777, just recited. Judgment for the Plaintiff for his debt, and for the Defendant, upon the motion to dismiss the appeal.